UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRISTOL WEST INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:13 CV 375 RWS |
| DEENA L. HODGE AND KELLY F. JACKSON, | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Kelly Jackson's motion to dismiss this action for lack of subject matter jurisdiction, or in the alternative, to stay this action. Plaintiff Bristol West Insurance Company opposes the motion and the issues are fully briefed. For the reasons stated below, I will dismiss this action for lack of subject matter jurisdiction.

### *Background*

On October 21, Defendant Jackson was driving her motor vehicle when she was struck by a motor vehicle being driven by Defendant Hodge. Jackson filed a suit in state court against Hodge alleging negligence. Jackson also named her insurer, Cincinnati Insurance Company, as a defendant. In her claims against Cincinnati Insurance Company, Jackson seeks recovery based on underinsurance coverage.

Bristol West has issued an auto insurance policy to Tom Hodge, Deena Hodge's husband, insuring a 1988 Ford Mustang policy limits and a Chevy C30. Defendant Hodge was not driving either of these vehicles when she was involved in an accident with Jackson; rather she was driving a 2000 Chevrolet R1500 owned by Todd Runyon.

Jackson has demanded "policy limits" from Bristol West to resolve her claim against Hodge. Bristol West has denied Jackson's demand. On February 27, 2013, Bristol West filed this action alleging diversity jurisdiction under 28 U.S.C. § 1332 and seeking a declaratory judgment that it does not owe defense or indemnity coverage for Jackson's suit against Hodge in state court. On October 17, 2013, Jackson moved to dismiss this action for lack of diversity jurisdiction, arguing that Bristol West has failed to establish that the amount in controversy exceeds $75,000.

*Discussion*

Federal district courts have original jurisdiction over civil actions where all plaintiffs are of diverse citizenship from all defendants and where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." Kopp v. Kopp, 280 F.3d 883, 884-85 (8th Cir. 2002). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).

Bristol West's complaint makes no reference to the amount in controversy, except to state that it exceeds $75,000 and make an assurance that the amount will be "set forth more fully below." [Doc. #1, p.2]. Yet the amount in controversy is decidedly not set forth more fully elsewhere in the complaint. In its response in opposition to Jackson's motion to dismiss, Bristol West attempts to establish the amount in controversy as follows:

> As no specific limited monetary demand was made to Bristol West coupled with the fact the neither vehicle covered by the policy was involved in the subject motor vehicle accident, defendant Jackson's demand appears to be a demand to pay the limits for both insured vehicles under the policy -- $50,000 for

>the 1988 Ford Mustang policy limits and $50,000 for the Chevy C30 policy limits, for a total of $100,000, which is clearly in excess of the $75,000 jurisdictional amount.

[Doc. #22, p.2].

However, in her reply, Jackson argues that she is not attempting to stack the policy limits. [Doc. #23, p.1]. She notes that neither she nor Bristol West has cited any provision in the policy or authority under state law that would allow her to stack the policy limits. In fact, Bristol West argues that the policy limits cannot be stacked. [Doc. #22, p.2 n.1]. As a result, Bristol West's argument is simply too speculative to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Because Bristol West failed to establish that the minimum jurisdictional amount is met, this case must be dismissed without prejudice

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jackson's motion to dismiss for lack of subject matter jurisdiction [#20] is **GRANTED**. Plaintiff's complaint [#1] is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that because this Court does not have jurisdiction over this action, the Default Judgment granted to in favor of Plaintiff Bristol West Insurance Company against Defendant Deena Hodge [#21] is **VACATED** for want of jurisdiction.

                                                                                         _____
                                                                                          RODNEY W. SIPPEL
                                                                                          UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2013.